ISAAC A. HOPPER'S SONS, INC., Appellant, *v.* THE GERRY ESTATES, INC., as Successors in Interest of ELBRIDGE T. GERRY, Deceased, and Another, Respondents.

First Department, December 2, 1927.

**Corporations — officers — action to foreclose mechanic's lien — architect who was officer of corporation and who subsequently became sole stockholder had authority to make correction in price stipulated in contract — plaintiff is entitled to recover on contract as corrected.**

This is an action to foreclose a mechanic's lien on real property. It appears that the contract as originally signed provided for an upset price of about $106,000 but that upon investigation by the contractor it was learned that an item for masonry had been omitted and after a conference with the architect, who was an agent and stockholder of the owner, the architect indorsed on the contract " 136,750 00 /100 correct amount S. J. K." The facts show that the architect had authority to correct the contract which was signed by the president of the owner, for it was established that the president did not take any active part in the affairs of the corporation but that the architect was the sole agent, representative and executive of the corporation and subsequently acquired all the capital stock thereof and became its president. Under the circumstances the plaintiff is entitled to recover under the contract as corrected by the architect.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 11th day of May, 1926.

*John J. Cunneen* of counsel [*Joseph A. Byrne* with him on the brief; *Joseph A. Byrne*, attorney], for the appellant.

*Abraham J. Halprin*, for the respondent 65–67 Madison Avenue Corporation.

McAVOY, J. The trial in this action was had before an official referee who gave a judgment for the plaintiff in the sum of $4,114.41, although the claim was based on a remainder due on the contract price and for extra work done by the plaintiff amounting to $32,854.71.

The action is one to foreclose a mechanic's lien on real property known as 65–67 Madison avenue. The contract provided for the construction of a store and loft building on these premises according to certain plans and specifications for which the contracting defendant agreed to pay plaintiff the cost plus seven and one-half per cent.

It was asserted by plaintiff that there was an upset price agreed upon of $136,750. The contracting defendant asserted that the upset price was $106,750. It is about this difference in the amount of the upset price agreed upon that the controversy arises.

The referee found that plaintiff was entitled to be compensated for extra work to an amount of over $14,000, and found in favor of the defendant as to the agreed amount of the upset price.

The testimony shows that Hopper, an officer of the plaintiff, made an estimate which reached approximately the sum of $138,000. Kessler, who acted for the defendant contractor throughout this operation and who ultimately became the sole owner of the stock thereof, thought this estimate was high and asked plaintiff's officer to see if it could not be reduced. Thereafter plaintiff's officer submitted to Kessler an upset price of approximately $106,000, and upon investigation as to the reason for the difference in figures, plaintiff's officer subsequently discovered that he had omitted the item of masonry, which would bring the total price to $137,750. Kessler was told of this and was disappointed at its disclosure, but thereafter agreed to set the upset price in the contract at $136,750. On the day that Hopper brought the contract down to Kessler, Kessler wrote on the contract alongside where the upset price was corrected, the following: " 136,750  00 /100 correct amount S. J. K." He admits that he consented to the increased figures of $30,000 in the contract. He made this change and put his initials on it the same afternoon that it was called to his attention. He talked about the effect of the change, what it would mean to him and how it would embarrass his colleagues in the operation. This correction was made before Kessler had received any requisition for money under the contract.

The defense was in effect that Kessler was only an architect and that there was no proof that as such architect he had the right to make a new contract for the parties.

Apart from the fact that the proof establishes that the contract was made on January twenty-second with George Hopper with the amount of $136,750 in it as the upset price, and not on January second, as claimed by the defendant, for $106,750 as the upset price, there was sufficient proof of Kessler's authority to make the correction in behalf of the company. Except for the signing

of the contract, Cohen, the president of the defendant corporation, did nothing whatever in connection with the conduct of negotiations or the supervising of the construction for the company. Kessler acted as the sole agent, representative and executive of defendant corporation in every transaction connected with the operation. He was one of four people interested in the corporation and eventually acquired all of its stock. The four people interested in the defendant corporation never had any of the stock transferred to them. Cohen's interest in it was transferred to Kessler shortly after the signing of the contract, and by April or May, 1923, Kessler became the sole party interested. He guaranteed the contracting company's bond to the owners of the loft building for the completion of the work before the construction contract was made. He subsequently became the president of the corporation, examined the monthly requisitions and made payments to plaintiff without requiring any architect's certificate, and after April, when he became president and the sole person interested, he made payments and gave notes to the extent of over $133,000, which, since he disputed all extras, except a few amounting to only some hundred dollars, indicated his own belief that the contract's upset price was as claimed by the plaintiff. We think the plaintiff established by proof its right to recover under the contract as authoritatively corrected, and the judgment should, therefore, be reversed and judgment entered for the plaintiff establishing a lien for the construction of the building described herein in the sum of $32,854.71.

There being no issue in the case as to whether the work was completed or well done, nor any appeal as to the amount for extras found by the referee, the findings of fact to the contrary of the determinations in this opinion and the adverse conclusions of law in the decision should be reversed and new findings submitted in accordance herewith.

The judgment should be reversed, with costs, and judgment ordered for plaintiff as indicated in opinion, with costs.

DOWLING, P. J., FINCH, MARTIN and PROSKAUER, JJ., concur.

Judgment reversed, with costs, and judgment ordered for plaintiff as indicated in opinion, with costs. Settle order on notice.